IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1998 SESSION



**FILED**

**January 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,          )
                             )          C.C.A. No. 03C01-9712-CR-00553
    Appellee,            )
                             )          Knox County
v.                           )
                             )          Honorable Ray L. Jenkins, Judge
MICHAEL DEAN TATE,           )
                             )          (Sentencing)
    Appellant.           )


FOR THE APPELLANT:                  FOR THE APPELLEE:

Darryl W. Humphrey                  John Knox Walkup
P. O. Box 665                       Attorney General & Reporter
Knoxville, TN  37914                425 Fifth Avenue North
                                    Nashville, TN  37243-0493

                                    Todd R. Kelley
                                    Assistant Attorney General
                                    425 Fifth Avenue North
                                    Nashville, TN  37243-0493

                                    Randall E. Nichols
                                    District Attorney General
                                    400 Main Street
                                    Knoxville, TN  37901

                                    Paula R. Gentry
                                    Assistant District Attorney General
                                    400 Main Street
                                    Knoxville, TN  37901


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Michael Dean Tate, referred herein as the defendant, appeals as of right from the sentence imposed by the Knox County Criminal Court, following entry of his guilty pleas to sale of cocaine not exceeding one-half gram and possession of cocaine not exceeding one-half gram with the intent to sell. After a sentencing hearing, the trial court imposed fines of $2,000 for each offense and sentenced the defendant to six years for each offense to be served consecutively in the Department of Correction.

The sole issue for appellate review is:

> Whether the trial court erred when it failed to properly consider the mitigating factor and alternative sentencing for the defendant and instead sentenced the defendant to serve two consecutive six-year terms of imprisonment in the custody of the Tennessee Department of Correction.

After a review of the entire record, briefs of the parties, and applicable law, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On May 7, 1997, the defendant entered guilty pleas to the sale of cocaine and possession of cocaine with the intent to sell. The defendant did not include a transcript of the guilty plea hearing in this record. Apparently, the trial court was to determine the appropriate confinement period and whether an alternative sentence was appropriate.

The record establishes the defendant sold a "rock" of cocaine to an undercover officer in Knox County on October 29, 1994. The defendant was released on bail. On April 28, 1995, law enforcement officers executed a search warrant at the defendant's residence and found three "rocks" of cocaine in a bedroom closet and a twenty dollar bill from an earlier cocaine buy.

At the conclusion of the guilty plea proceedings, the trial court ordered the defendant to report to the State Probation Office for a presentence report. The defendant failed to report to the probation office and was taken into custody on June 26, 1997 until he could be interviewed. After the interview, the trial court released the defendant on bail and set a sentencing hearing for August 14, 1997.

A review of the sentencing transcript reveals the defendant did not testify in support of his application for an alternative sentence, but relied on his statement to the trial court and the presentence report. Further, the defendant urged the trial court to place him in the Community Alternatives to Prison Program (CAPP) and thus he could become a productive member of society. The trial court found the defendant to be a Range I offender and sentenced him to the maximum sentence of six years for each offense, to run consecutively in the Department of Correction. The trial court ordered the sentences to be served consecutively since the defendant was on bail for the offense of sale of cocaine when he was arrested for the possession of cocaine with the intent to sell. The trial court denied any alternative sentence and ordered the defendant into continuous confinement.

## SENTENCING CONSIDERATIONS

In the defendant's single appellate issue, he contends the trial court failed to consider and weigh a mitigating factor which should have resulted in a lesser sentence and an alternative sentence. The state disagrees.

### A.
### Manner of Service

When a defendant complains of the imposition of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). Therefore, the burden of showing that the sentence is improper is upon the appealing party. *Id.* The presumption that determinations made by the trial court are

3

correct is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby,* 823 S.W.2d 166 (Tenn. 1991); *State v. Smith,* 898 S.W.2d 742 (Tenn. Crim. App. 1994).

If appellate review reflects the trial court properly considered all relevant facts and its findings of fact are adequately supported by the record, this Court must affirm the sentence "even if we would have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In arriving at the proper determination of an appropriate sentence, the trial court must consider: (1) the evidence, if any, received at the guilty plea and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about the sentencing; and (7) the potential for rehabilitation and treatment. Tenn. Code Ann. §§ 40-35-210(a) and (b), § 40-35-103(5); *State v. Holland,* 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

The record in this case demonstrates the trial court made adequate findings of fact. We, therefore, conduct a review of these facts with a presumption of correctness. In determining the appropriate sentences, the trial court found four enhancement factors supported by the evidence: the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn. Code Ann. § 40-35-114(8); the defendant was convicted of a felony while on bail release, Tenn. Code Ann. § 40-35-114(13)(A); and the defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would have constituted a felony if committed by an adult, Tenn. Code Ann. § 40-35-113(20). The trial court rejected as a mitigating factor the defendant's criminal conduct neither caused nor threatened serious bodily injury, Tenn.

4

Code Ann. § 40-35-113(1).

We find the record fully supports the trial court's determination of these enhancement factors to raise the defendant's sentences from the minimum of three years to six years. The presentence report reveals the defendant has an extensive criminal history beginning at the age of 13 and including several drug convictions as a juvenile. The Knox County juvenile authorities found it necessary to revoke the defendant's probation and place him in confinement in a juvenile institution. As an adult, the defendant has been convicted of the casual exchange of marijuana. At the time of the sentencing hearing, the defendant had four active criminal charges, ranging from aggravated assault to driving on a suspended license.

Since the defendant contends that the trial court was in error for failing to apply Tenn. Code Ann. § 40-35-113(1), the defendant's criminal conduct neither caused nor threatened serious bodily injury, we must determine if the record supports the trial court's decision. The defendant pled guilty to two Class C felonies, the sale of cocaine not exceeding one-half gram and the possession of cocaine not exceeding one-half gram with the intent to sell. The second offense occurred while the defendant was on bail release. This Court has held this factor should not be applied when the defendant is convicted of an offense involving the sale of cocaine. *State v. Keel*, 882 S.W.2d 410, 422 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1994); *State v. Michael Anthony Pike*, No. 02C01-9509-CC-00261 (Tenn. Crim. App., Jackson, January 16, 1997), *per. app. denied* (Tenn. 1997); *State v. Larry D. Jones*, No. 01C01-9112-CR-00368 (Tenn. Crim. App., Nashville, June 20, 1992), *per. app. denied* (Tenn. 1992); *see State v. Kenny Cheatham*, No. 01C01-9506-CC-00196 (Tenn. Crim. App., Nashville, June 11, 1996).

However, this Court has previously held that, although the voluntary sale of cocaine may have the potential for bodily injury, this mitigating factor was applicable "unless the conduct relates to **serious** bodily injury and the factor should be considered in relation to the facts and circumstances of the particular case." *State v. Johnny Ray Christman*, No.

01C01-9211-CC-00361 (Tenn. Crim. App., Nashville, September 2, 1993). In certain circumstances if a defendant sells cocaine in very small quantities to a willing buyer, this factor may well be an appropriate mitigating factor. *State v. Michael Wayne Henry*, No. 02C01-9611-CC-00382 (Tenn. Crim. App., Jackson, May 29, 1997), *per. app.* denied (Tenn. 1998); *see also State v. Troy Carney and James Andrew Slaughter*, *Jr.,* No. 01C01-9412-CR-00425 (Tenn. Crim. App., Nashville, February 23, 1996), *per. app. denied* (Tenn. 1997).

Under the facts in this record, we believe the trial court was correct in rejecting factor (1), Tenn. Code Ann. § 40-35-113. Although the first offense involved the sale of a small amount of "rock" cocaine in October, 1994, the defendant continued his involvement in the sales and/or possessions of cocaine for sale. This is evidenced by the execution of a search warrant in April, 1995 whereupon the defendant was found to be in possession of money from a previous sale and additional "rock" cocaine. The continuous and voluntary sales of cocaine by the defendant reflect his total unconcern for the health and welfare of his fellow citizens. There is no merit to this issue.

## B.

### Denial of Alternative Sentence

In lieu of confinement, the defendant urges that he is a favorable candidate for sentencing to the CAPP and that the trial court erred in failing to consider him for that program.

In denying the defendant's request for probation, as well as for placement in the CAPP, the trial court held:

> With regard to the request for probation, as well as consideration by the Community Alternatives to Prison Program, the Court observes that this defendant at the outset is attempting to alter the terms of any consideration that he will be given under any program. It's better to face these at this point than to wait to revoke later.

6

Since the defendant entered two pleas of guilty to drug offenses, both Class C felonies, ordinarily the defendant would be presumed to be a favorable candidate for probation or an alternative sentence, in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). It is clear from the record the defendant would not be entitled to straight probation, thus the only viable option for the defendant was the CAPP. The state had the burden of overcoming the defendant's presumed candidacy for alternative sentencing options.

The defendant meets the requirement of consideration for placement in the community corrections program. *See* Tenn. Code Ann. § 40-36-106(a)(2), Persons who are convicted of drug/alcohol-related felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5.

In determining the suitability of placing the defendant in any program, the trial court took into consideration the report of the Knox County Sheriff's Department CAPP. The report, in the opinion of the CAPP staff, indicated the defendant would not be a successful CAPP client due to the defendant's prior record, history of non-compliance with Juvenile Court, pending criminal charges, and his attitude and statements regarding CAPP requirements. The defendant believed "CAPP is too strict for a Range I offender." The defendant refused to sign the Group/Individual Counseling Contract because he did not think he would be able to attend due to transportation problems.

Further, the trial court considered the sentencing principles of Tenn. Code Ann. § 40-35-103:

> (1) Sentencing involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

The trial court set out a long list of its reasons for confining the defendant. The court found confinement was necessary in view of the defendant's long history of criminal conduct and past measures less restrictive than confinement have been applied unsuccessfully to the defendant. Furthermore, the defendant failed to assist the probation office with preparation of a presentence report. We agree with the trial court's findings and affirm the judgment.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE